JAMES G. PORTMAN v. STATE BOARD OF FISH COMMISSIONERS.

*Superintendent of fisheries.*

The superintendent of fisheries is not an officer within the meaning of the Constitution and laws of the State, but is an employee of the State Board of Fish Commissioners and is removable at their pleasure.

Mandamus will not lie against a public board at the suit of an employee thereof, for redress for a breach of contract, but he may have a claim for damages.

Mandamus.   Submitted Feb. 27.   Denied Feb. 27.

Relator, being Superintendent of Fisheries for the State of Michigan, was removed from that position by the State Board of Fish Commissioners.   He remained in charge of one of the fish hatcheries, though the Board refused to recognize his right to do so, and he applied for a mandamus to require the Board to rescind its action discharging him; to expunge from its records the minute of this action; to treat him as Superintendent, having all rights pertaining to that position; to surrender to him a certain note which he had executed and indorsed in his individual capacity as Superintendent, for the purpose of raising money to pay for lands which the Board wished to acquire, which note was not used for that purpose, but was paid by the Board after maturity and held by them; and to certify his salary bills for the period succeeding his removal.

*James H. Campbell* for relator.

*John H. Bissell, Otto Kirchner* and Attorney General *Jacob J. Van Riper* for respondent. Legislation relating to the State Fish Commission is in Acts 124 of 1873, 71 and 117 of 1875, and 3 of 1882; an office is usually held at the will of either party to the appointment unless otherwise expressed in the appointment or implied by the nature of the office or ancient usage: *Avery v. Tyringham* 3 Mass. 177; *Exp. Hennen* 13 Pet. 260; *Lehman v. Sutherland* 3 S. & R. 145; a mere employment can be ended at any time in the absence of an express yearly hiring: *Mining Co. v. Harris* 24 Mich. 112.

MARSTON, J. We are of opinion that the Superintendent of Fisheries is not an officer within the meaning of the Constitution and laws of this State; that he is an employee of the Board, subject to their orders and directions, and that they have power to terminate at any time the contract relations existing between the Board and Superintendent. This is absolutely necessary to the efficiency of the work which the Board was created to perform, and any other view would render the Board to a great extent subservient to the will of the Superintendent. If there has been a breach of contract relator may have a claim for damages, but mandamus would not be the proper remedy.

It follows that the relief prayed for must be denied.

GRAVES, C. J. and COOLEY, J. concurred.